In the UNITED STATES DISTRICT COURT for the U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY

2004 NOV 17

| | | |
|---|---|---|
| FIRST SPECIALTY INSURANCE CORPORATION | : | |
| 5200 Metcalf Avenue | : | |
| Overland Park, Kansas 66201, | : | |
| *Plaintiff* | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| EPIC MANAGEMENT INCORPORATED | : | **NO.** *OY cv5710/JEI* |
| 136 Eleventh Street | : | |
| Piscataway, New Jersey 08854 | : | |
| and | : | |
| THE FRANK A. MCBRIDE COMPANY, INC. | : | |
| 4239 Route 33 | : | |
| Tinton Falls, New Jersey  07753 | : | |
| and | : | |
| US PROCESS, INC. | : | |
| 258 Dunks Ferry Road | : | |
| Bensalem, PA   19020 | : | |
| and | : | |
| SPEARS MANUFACTURING CO. | : | |
| 543 Industrial Drive | : | |
| Lewisberry, PA 17339-9534 | : | |
| | : | |
| *Defendants* | : | |
| | : | |

## CIVIL ACTION COMPLAINT

1.    Plaintiff, First Specialty Insurance Corporation ("First Specialty"), is an insurance company organized and existing under the laws of the State of Missouri, with its principal place of business at 5200 Metcalf Avenue, Overland Park, Kansas 66201.

2.    Defendant, Epic Management Incorporated ("Epic"), is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business at 136 Eleventh Street, Piscataway, New Jersey 08854.

3.    At all times material to this complaint, Epic was engaged in the business of construction management, and general contracting.

4.    Defendant, The Frank A. McBride Company, Inc. ("McBride"), is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 4239 Route 33, Tinton Falls, New Jersey 07753.

5.    At all times material to this complaint, McBride was engaged in the business of providing contracting services, including plumbing, pipefitting, and other services.

6.    Defendant, US Filter Process, Inc. ("US Filter"), is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business at 181 Thornhill Road, Warrendale, Pennsylvania 15086.

7.    At all times material to this complaint, US Filter was in the business of manufacturing, selling, designing, labeling and providing parts and components for the plumbing industry, including PVC union couplings, copper out-put pipes and other system related components.

8.    Defendant, Spears Manufacturing, Inc. ("Spears"), is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business at 543 Industrial Drive, Lewisberry PA 17339.

9.    At all times material to this complaint, Spears was in the business of manufacturing, selling, designing, labeling and providing PVC union couplings, copper out-put pipes and other system related components.

10.    Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1332 as plaintiff is diverse from all defendants, and the amount in controversy exceeds the sum of seventy-five thousand dollars exclusive of interest and costs.

-2-

11.     Venue is appropriate in this district as the occurrence that forms the basis of this action took place in this district.

12.     In April 2003, Rowan University, located at 201 Mullica Hill Road, Glassboro, New Jersey, 08028, was in the process of constructing a new science building for use by its faculty and students.

13.     Defendant, Epic, acted as the general contractor and construction manager for the construction work being performed to erect and construct the new science building.

14.     Prior to April 1, 2003, defendants McBride and US Filter had engaged in various construction activities using components supplied by defendant Spears, under the supervision and direction of defendant, Epic, in relation to a deionization system being installed and constructed for the new science building.

15.     On April 1, 2003, various construction activities were being undertaken on the fourth floor of the new science building by defendants McBride and US Filter, under the supervision and direction of Defendant, Epic.

16.     The work done and components supplied at the building on or prior to April 1, 2003 by defendants Epic, McBride, US Filter and Spears, required the installation and set up of PVC coupling components.

17.     Upon information and belief, defendants, Spears and/or US Filter, introduced the PVC coupling into the stream of commerce as it sold, supplied or provided the PVC coupling.

18.     On April 1, 2003, a catastrophic water leak occurred on the fourth floor of the building causing substantial property damage to the new science building.

19.     Upon information and belief, the water leak occurred when the PVC coupling that was part of the deionization system failed.

20.     The catastrophic water leak which occurred at the building on April 1, 2003, continued unabated and resulted in the discharge of water into the building, which caused extensive damages to floors one, two, three and four of the building, resulting in damages in excess of $300,000 to property owned by Rowan University.

21.     On April 1, 2003, Rowan University was insured for damage to its property, including the new science building, by plaintiff, First Specialty.

22.     As a result of the water leak on April 1, 2003, plaintiff First Specialty paid to Rowan University a sum in excess of $300,000 to compensate Rowan University for the damages sustained to the new science building.

23.     First Specialty is the subrogee of Rowan University.

### COUNT I

### NEGLIGENCE - ALL DEFENDANTS

24.     Plaintiff incorporates by reference paragraphs one through twenty-three as if fully set forth at length.

25.     Pursuant to the undertaking of Epic and its subcontractors and material suppliers to build, construct and erect the new science building, including the deionization system and its components for Rowan University, all defendants assumed a duty to Rowan University to perform their work in a workmanlike manner.

26.     Defendants failed to construct and erect the new science building, including the deionization system and its components in a workmanlike manner in failing to properly and adequately install, construct, erect and inspect the system.

27.     Defendants failed to construct and erect the new science building, including the deionization system and its components in a workmanlike manner.

28.     By failing to properly construct and install the deionization system and its components in a workmanlike manner, defendants breached their duty to Rowan University.

29.     As a direct and proximate result of the defendants' breach of their duty to Rowan University, Rowan University sustained property damage to its new science building.

30.     As a direct and proximate result of the defendants' breach of their duty to Rowan University, plaintiff was required to pay Rowan University for the damages sustained to its property.

Wherefore, plaintiff seeks judgment against all defendants in an amount in excess of $75,000, interest, costs and such other and further relief as the Court may deem just and appropriate.

## COUNT II

## PRODUCTS LIABILITY - US FILTER & SPEARS

31.     Plaintiff incorporates by reference paragraphs one through thirty of this complaint as if fully set forth at length.

32.     As the designers manufacturers, sellers and/or installers of the PVC coupling defendants, US Filter and Spears had a duty to provide a product that was reasonably fit, suitable or safe for its intended purpose.

-5-

33. US Filter and Spears breached this duty in failing to provide, design and sell a product that performed its function to control water, prevent leaks, and otherwise cause the deionization system to work as intended.

34. US Filter and Spears breached this duty in failing to provide adequate instructions for the installation or use of the PVC coupling.

35. As a direct and proximate result of the breach of duty to provide a product that was not reasonably fit, suitable or safe for its intended purpose, and did not include adequate instructions, Rowan University sustained damages to its new science building.

36. The coupling was used in the deionization system without a substantial change in condition from the time it was sold.

37. The coupling was used in an intended and foreseeable manner.

38. As a direct and proximate result of the defective condition of the coupling, Rowan University sustained property damage to its new science building.

Wherefore, plaintiff, First Specialty, demands judgement against defendants, US Filter and Spears, in an amount in excess of $75,000, and interest, costs, and such other and further relief as the Court may deem just and appropriate.

## COUNT III

### BREACH OF WARRANTY - US FILTER AND SPEARS

39. Plaintiff incorporates by reference paragraphs one through thirty-eight of this complaint as if fully set forth at length.

40. Upon information and belief, defendants, US Filter and Spear, knew or had reason to know of the particular purpose for which the coupling was required.

-6-

41.     Upon information and belief, defendants, US Filter and Spear, knew that Rowan University was relying on their skill or judgment to select or furnish suitable goods.

42.     US Filter and Spear provided to Rowan University an implied warranty that the coupling was fit for the particular purpose for which it was utilized.

43.     US Filter and Spear breached the warranty of fitness for a particular purpose by failing to provide a coupling that would prevent water leaks.

44.     By virtue of the sale and furnishing of the coupling by US Filter and Spears, they warranted that the coupling was merchantable, fit and safe for use.

45.     Defendants, US Filter and Spears, failed to provide a coupling that performed its intended function to prevent water leakage.

46.     Defendants, US Filter and Spears breached their warranty that the coupling was merchantable.

47.     As a direct and proximate result of the breach of these warranties by defendants, US Filter and Spear, Rowan University sustained property damage to its new science building

Wherefore, plaintiff demands judgement against defendants, US Filter and Spears, in an amount in excess of $75,000, interest, costs and such other and further relief as the Court may deem just and appropriate.

## COUNT IV

## BREACH OF CONTRACT - EPIC MANAGEMENT

48.     Plaintiff incorporates by reference paragraphs one through forty-seven of this complaint as if fully set forth at length.

49.     Rowan University and Epic entered into a contract.

50.  That contract provided:

    4.4.2: The contractor shall be responsible for all damage or destruction

    caused directly or indirectly by his/her operations to all parts of the work,

    both temporary and permanent, to all affected property including

    adjoining property.

51.  The contract further provided:

    4.4.4: The contractor shall defend, protect, indemnify and save harmless

    the State and the University from all claims, suits, actions, damages and

    costs of every name and description arising out of, or resulting from, the

    performance of or failure to perform work under this contract. This

    responsibility is not limited by the provisions of other indemnification

    provisions included elsewhere herein or compliance with any other

    insurance provision.

52.  The contract also provided:

    7.1.4: The contractor acknowledges his/her full responsibility to the

    University for all acts and omissions for his/her sub-contractors and of

    persons and firms either directly or indirectly employed by them equally

    to the extent that he/she is responsible for the acts and omissions of

    persons and firms directly or indirectly employed by him/her and the

    contractor acknowledges he/she remains fully responsible for the proper

    performance of his/her contract irrespective of whether work is

    performed by his/her own forces or sub-contractors engaged by him/her.

-8-

53.     By failing to construct and supervise the construction of the new science building in such an manner to prevent damage to the building, defendant, Epic, breached its contract.

54.     As a direct and proximate result of the breach of contract by defendant, Epic, Rowan University sustained damage to its property.

Wherefore, plaintiff, First Specialty, demands judgement against defendants, US Filter and Spears, in an amount in excess of $75,000, and interest, costs, and such other and further relief as the Court may deem just and appropriate.

## COUNT V

### BREACH OF CONTRACT - FRANK MCBRIDE COMPANY

55.     Plaintiff incorporates by reference paragraphs one through fifty-four of this complaint as if fully set forth at length.

56.     McBride and Epic entered into a subcontract for the construction of the new science building.

57.     Rowan University was a beneficiary of the contract between McBride and Epic.

58.     The contract between Frank McBride and Epic provided as follows:

23.1: To the fullest extent permitted by law, the Subcontractor hereby

assumes entire responsibility and liability for any and all damage or

injury of any kind or nature whatever (including death resulting

therefrom), to all persons, whether employees of the Subcontractor or

otherwise, and to all property, caused by, resulting from, arising out of or

occurring in connection with the execution of the work.

59.     The contract further provided:

23.1: If any claims for such damage or injury (including death resulting

therefrom) be made or asserted, whether or not such claims are based

upon Epic's or the Owner's active or passive negligence or participation

in the wrong or upon any alleged breach of any statutory duty or

obligation on the part of Epic or the Owner, the Subcontractor agrees to

indemnify and save harmless Epic and the Owner, their officers, agents,

servants and employees form and against any and all such claims, and

further from and against any and all such loss, cost, expense, liability,

damage or injury, including legal fees and disbursements that result

thereof.

60.    By failing to perform its work in the construction of the new science building in such a

manner to prevent damage to the building, defendant, McBride, breached its contract.

61.    As a direct and proximate result of the breach of contract by defendant, McBride,

Rowan University sustained damage to the new science building.

Wherefore, plaintiff, First Specialty, demands judgement against defendants, US Filter and

Spears, in an amount in excess of $75,000, and interest, costs, and such other and further relief as the

Court may deem just and appropriate.

By: _____

RANDY C. GREENE, ESQUIRE
DUGAN, BRINKMANN, MAGINNIS AND PACE
33 South Main Street
Mullica Hill, NJ 08062
856-223-8600
Attorney for Plaintiff